## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CAROLYN PORTER, *on behalf of*        )
*herself and all others similarly situated,*  )
                                       )
            Plaintiff,                 )
                                       )
vs.                                    )
                                       )        Case No. 13-1112-JAR-KGG
WEST SIDE RESTAURANT, LLC,             )
TAYSSIR ISSA,                          )
                                       )
            Defendants.                )
_____)

## MEMORANDUM AND ORDER

Before the Court are Defendants' Motion to Compel (Doc. 93), and Plaintiff's Response to the Court's October 16, 2014 Notice and Order to Show Cause (Doc. 101). These matters are fully briefed and the Court is prepared to rule.  As explained more fully below, the Court finds excusable neglect in Plaintiff's failure to timely respond to the motion to compel and after fully considering the briefs, grants Defendant's motion and dismisses with prejudice the opt-in plaintiffs who failed to appear for deposition in this case.

On September 11, 2014, Defendants filed a Motion to Compel, asking the Court to require certain opt-in plaintiffs to appear for depositions in this matter.  If the opt-in plaintiffs refuse, Defendants ask the Court to dismiss them from the case with prejudice.  Plaintiff sought an extension of time to respond to this motion in order to "finalize the parties [sic] efforts to confer regarding these issues so that the Parties may present a narrowed issue for this court's review, or possibly, to resolve all issues and avoid this Court's involvement entirely."[1]  The

_____

[1]Doc. 96 at 3.

Court extended Plaintiff's deadline to respond to the motion to compel until October 9, 2014.

Because Plaintiff failed to respond to the motion to compel by October 9, 2014, this Court issued a Notice and Order to Show Cause why the motion to compel should not be granted as uncontested under D. Kan. Rule 7.4.  Furthermore, the Court ordered Plaintiff to show cause in writing why the opt-in plaintiffs who failed to appear for deposition should not be dismissed from the case with prejudice under Fed. R. Civ. P. 37(b)(A)(v).

Plaintiff responded to the Order to Show Cause and filed a response out of time to the motion to compel.  In the response to the Court's Order to Show Cause, Plaintiff attaches an agreed upon proposed order sent to Magistrate Judge Gale's chambers on October 9, 2014, extending the response deadline until October 16, 2014, the same date that the Show Cause Order was issued.  Plaintiff asks the Court to find excusable neglect to excuse her failure to timely file the response.

Under D. Kan. Rule 6.1(a):

> All motions for an extension of time to perform an act required or allowed to be done within a specified time must show:
> (1) whether there has been prior consultation with other parties and the views of other parties;
> (2) the date when the act was first due;
> (3) if prior extensions have been granted, the number of extensions granted and the date of expiration of the last extension; and
> (4) the cause for the requested extension. Parties must file the motion before the specified time expires.  **Absent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires**.[2]

Excusable neglect is a somewhat elastic concept and is not limited strictly to omissions

---

[2]D. Kan. R. 6.1(a) (emphasis added).

caused by circumstances beyond the control of the movant.[3]  On the other hand, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."[4]  In determining whether neglect is excusable, the court should consider "all relevant circumstances surrounding the party's omission," including four specific factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith."[5]  Perhaps the single most important factor in determining whether neglect is excusable is fault in the delay.[6]  Whether the moving party's underlying claim is meritorious should also be taken into consideration.[7]

The Court finds excusable neglect under these circumstances and will consider Plaintiff's response to the motion to compel.  Extensions of time for motions should be sought by motion, as set forth in Rule 6.1(a).  A proposed order should be sent to the appropriate judge's chambers for signature; they are generally granted if the motion is unopposed.  Here, Plaintiff submitted an agreed order to Judge Gale's chambers but failed to file a motion.  Despite Plaintiff's failure to follow the proper procedure, the Court finds excusable neglect because there is no prejudice to Defendant and Plaintiff acted in good faith.  The email and agreed order make clear that Plaintiff's counsel conferred with Defendant's counsel on the motion, in an effort to narrow the

---

[3]*Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 391–92 (1993).

[4]*Id.* at 392.

[5]*Id.* at 394–95; *see also Bishop v. Corsentino*, 371 F.3d 1203, 1206–07 (10th Cir. 2004).

[6]*Jennings v. Rivers*, 394 F.3d 850, 856 n.5 (10th Cir. 2005) (citing *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)).

[7]*Id.* at 857 (citing *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444–45 (10th Cir. 1983)).

3

issues for this Court to decide on the motion to compel.  The response should come as absolutely no surprise to Defendants.

The Court therefore proceeds to consider the Motion to Compel (Doc. 93), which is now fully briefed.  The parties agree that the following opt-in plaintiffs should be dismissed from this matter: Melissa Stilke, Kaitlin Covert, Andrew Horton, Rayna Martin, Meghan Wiebe, Crystal Ficken, Jimmy Iniguez, and Jodie Tucker.  The only issue for the Court to resolve is whether the dismissal should be with or without prejudice.  In determining whether dismissal with prejudice is warranted, the Court must consider the following factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[8]

Plaintiff argues that dismissal without prejudice is sanction enough for the opt-in plaintiffs' failure to appear for deposition because the statute of limitations will continue to run. Moreover, Plaintiff maintains that their failure to appear for deposition is not prejudicial because the issues in this case are susceptible to representative proof.  Plaintiff urges the Court to broadly interpret the Fair Labor Standards Act by dismissing these opt-in plaintiff without prejudice. Defendants argue that dismissal with prejudice is appropriate in this case because the opt-in plaintiffs' failure to appear for depositions hampers its ability to prove that Defendants properly informed these individuals of the tip credit policy at IHOP—a common fact that ties together the members of the certified collective action in this case.  Defendants urge that issues of knowledge are subject to individual and not representative proof.   Defendant points out that these opt-in

_____

[8]*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (quotation marks and citations omitted).

4

plaintiffs have refused to attend depositions despite written notice, phone calls, and certified letters.

The Court finds actual prejudice to Defendant.  By refusing to comply with their discovery obligations, the opt-in plaintiffs have interfered with Defendant's ability to defend this action on the ground that the opt-in plaintiffs do not have FLSA claims within the parameters of the certified collective action here.  Moreover, the opt-in plaintiffs' refusal to attend depositions despite repeated notices interferes with the judicial process.  There is no indication in the record that these individuals are unable to attend the depositions or otherwise comply with their discovery obligations, so the Court reasonably concludes that they are culpable for this noncompliance.  These opt-in plaintiffs have been warned that dismissal with prejudice may be a sanction for their noncompliance—in its Order to Show Cause, the Court warned that this may be the sanction for refusing to submit to depositions.  Finally, the Court is unable to find that lesser sanctions would cause the opt-in plaintiffs to comply.  Both counsel and the Court have given notice and opportunity to appear with respect to these opt-in plaintiffs, yet they refuse to submit to deposition.  Therefore, the Court finds under the *Ehrenhaus* factors, that dismissal with prejudice is an appropriate sanction for the following opt-in plaintiffs given their willful failure to comply with discovery obligations: Melissa Stilke, Kaitlin Covert, Andrew Horton, Rayna Martin, Meghan Wiebe, Crystal Ficken, Jimmy Iniguez, and Jodie Tucker.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Compel (Doc. 93) is **granted**.  Melissa Stilke, Kaitlin Covert, Andrew Horton, Rayna Martin, Meghan Wiebe, Crystal Ficken, Jimmy Iniguez, and Jodie Tucker are hereby **dismissed with prejudice**.

**IT IS SO ORDERED**.

Dated: October 24, 2014

                                S/ Julie A. Robinson

                                JULIE A. ROBINSON

                                UNITED STATES DISTRICT JUDGE