## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CAROLYN PORTER,** *on behalf of herself and all others similarly situated,* | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | **Case No. 13-1112-JAR-KGG** |
| **WEST SIDE RESTAURANT, LLC, TAYSSIR ISSA,** | ) ) ) | |
| **Defendants.** | ) ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Carolyn Porter brings this suit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), against Defendant West Side Restaurant, LLC ("West Side") and Tayssir Issa, doing business as IHOP, located at 515 S. Ridge Road, in Wichita, Kansas, claiming violations of the FLSA's minimum wage and overtime pay requirements.  Specifically, Plaintiff alleges that she was not informed of the restaurant's tip credit, and that its tip pool policy is invalid under the FLSA.  The Court previously approved Plaintiff's motion to conditionally certify a collective action in this case, and since that time, four other plaintiffs have opted in.  This matter is before the Court on the Plaintiffs' Unopposed Motion for Approval of FLSA Settlement and Attorneys' Fees with Memorandum in Support (Doc. 119).  Plaintiff has supplemented the record on its request for attorneys' fees with billing records and affidavits in support of its requested hours and rates.  For the reasons stated below, the Court grants the parties' motion for approval of settlement and for attorneys' fees.

## I.  Background

Plaintiff filed this collective action on March 21, 2013, under § 216(b) of the FLSA.  The

parties engaged in discovery, and litigated a motion for summary judgment and motion for conditional certification, which were decided by the Court in a lengthy Memorandum and Order dated April 24, 2014.  On February 16, 2015, the parties asked the Court to approve their settlement agreement, and have attached that agreement under seal to their motion for the Court's review.

## II.      Discussion

A settlement of claims under the FLSA must be presented to the Court for review and a determination of whether the settlement is fair and reasonable.[1]  In order to approve the settlement, "the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned.  The Court may enter a stipulated judgment only after scrutinizing the settlement for fairness."[2]  And the settlement agreement must contain an award of reasonable attorneys' fees.[3]  Finally, before the putative class claims can be dismissed, the Court must determine whether the class representative "has used the class action claim for unfair personal aggrandizement in the settlement, with prejudice to absent putative class members."[4]

### A.      Bona Fide Dispute

The settlement of the instant action involves a bona fide dispute. The five Plaintiffs alleged that the Defendants violated the FLSA by not discharging their obligations to make

---

[1]*See, e.g., Peterson v. Mortgage Sources, Corp.*, No. 08-2660-KHV, 2011 WL 3793963, at *4 (D. Kan. Aug. 25, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

[2]*Id.* (citations omitted).

[3]*Id.*; *see* 29 U.S.C. § 216(b).

[4]*Peterson*, 2011 WL 3793963, at *4.

disclosures to Plaintiffs about the tip credit and by requiring them to share tips with Servers employed during shifts as Expeditors.  Defendants offered evidence in discovery from which a reasonable jury could conclude that Defendants did not violate the FLSA's tip credit provisions. Defendants provided evidence that it did notify Plaintiffs of the tip credit and that Servers employed to work as Expeditors did have customer contact.

If Plaintiffs' allegations were ultimately correct, Defendants would be faced with the prospect of a monetary verdict in favor of Plaintiffs, as well as an obligation to pay legal fees and costs incurred by Plaintiffs in addition to their own.  If Defendants' arguments were correct, then Plaintiffs would face no recovery of any kind.  Based on these representations, the Court finds that the litigation involves a bona fide dispute.

### B.      Fair and Reasonable

The Court finds that the settlement proposed by the parties is fair and reasonable.  This case involves serious questions of fact and law which make the outcome of continued litigation uncertain, which the Court discussed at length in its April 2014 Order.  The proposed settlement will pay each collective class member on a pro rata basis that is tied to the hours worked, as well as award them each an amount of liquidated damages.  Given these financial terms, the Court agrees with the parties that the amount payable to Plaintiffs is fair and reasonable.  The Court is also convinced that the release contained in this Settlement Agreement is fair and reasonable, given that the settlement is limited to five employees, none of whom were employed with Defendant in the last two years.

### C.      Enhancement Payment

The named Plaintiff, Carolyn Porter will receive an enhancement payment under the

settlement agreement in the amount of $500.  The Court finds that this is a reasonable

enhancement payment, given the length of the case and the effort expended.

###### D.      Attorneys' Fees

Plaintiff seeks unopposed attorneys' fees and expenses in the amount of $53,750.  This

request is in line with the settlement agreement, which provides that Plaintiffs agree that the

settlement amount fully compensates them and their attorneys.  In their motion, Plaintiffs set

forth the factors Kansas courts use to determine the reasonableness of attorney fee requests,[5]

which are in line with the factors announced in *Johnson v. Georgia Highway Express, Inc.*,[6] that

are often applied to fee requests on federal claims.  For substantially the same reasons set forth in

Plaintiffs' motion, which is supported by the billing records and counsel's affidavit,[7] the Court

finds that $53,750.00 is reasonable.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Unopposed Motion

for Approval of FLSA Settlement and Attorneys Fees with Memorandum in Support (Doc. 119)

is **granted**.  The parties shall file a Joint Stipulation of Dismissal.

**IT IS SO ORDERED**.

Dated: February 18, 2015

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[5]Kan. S. Ct. Rule 226, KRPC 1.5(a); *see Johnson v. Westhoff Sand Co., Inc.*, 135 P.3d 1127, 1135 (Kan. 2006).

[6]488 F.2d 714 (5th Cir. 1974).

[7]Doc. 119, Exs. 2-3.  The Court finds significant the reduction in time requested compared to time actually spent by counsel on this case.